In a joint action brought by several, where the defendant avails himself of the bar given to such action by the statute of limitations, all the plaintiffs must bring themselves within some of the savings of the statute, otherwise the bar is not avoided. Riden v. Frion, 7 N.C. 577. The decisions on this point are uniform, as far as I know, and I shall not now inquire whether they are founded on the technical reason that, the action being joint, all or none of the plaintiffs must recover, otherwise the judgment does not pursue the writ and declaration; or whether on the very words of the statute. But I must say that the result is disgraceful to our system of jurisprudence, as it sacrifices the spirit of the proviso either to technical absurdity or to literal construction. But neither of these reasons can be brought to bear in this case. The action of ejectment eo nomine is not within the statute of limitations. It is true that the statute bars an entry, and that this action cannot be brought but by one who has the right of entry. The law, however, does not require a joint entry to be made; each may enter according to his estate or right. Where many have a joint right of entry, and one enters, his entry inures for the benefit of all; if there is a joint title, and some have lost and some have not lost their right of entry, he who enters does it for the benefit of those whose right of entry is enforcible. It follows that if all have lost the right of entry but the one who enters, he enters solely for his own benefit, and becomes tenant in common with those who have acquired an estate in the land by possession or otherwise. But if after his entry those who have lost their right of entry recover their estates in a higher action, he becomes joint tenant, a coparcener, or tenant in common with them, according to the nature of their estates. (325)
In this case there is nothing in the statute which prevents the femecovert, one of the lessors of the plaintiff, *Page 208 
from entering; and if her brothers and coheirs had not lost their right of entry, she entered for their benefit also, and they became by our law tenants in common. If they had lost their right of entry, she entered for her own benefit, and became tenant in common with the defendant, who had acquired an estate by possession, for tenants in common may hold their estates by different titles. The one may be wrongful and liable to be defeated, the other rightful and indefeasible.
But if the plaintiff is driven from all other grounds, there is one on which she may rest her case. This action is not brought by several plaintiffs; it is brought by John Den, the lessee. He derives title, it is true, from three; but they are not the plaintiffs, and if his lease from them or any of them is good it is sufficient. If there was a real lease and the lessee had been evicted, and had brought his ejectment, which is the appropriate remedy for the eviction of a termor, it would be no objection to his title that he claimed from three different persons. If the title of one of them was good for the whole, he would recover the whole. If the title of one was good for a part, and that of the others bad for the whole, he would recover that part. The lessor of the plaintiff does not lose by the fiction of the lease; and the question on the trial is, Could the lessors, or any of them, make a valid lease; that is, had they, or any of them, a right of entry to the whole or to any part; and if to a part, what part? In the case of a real lease, the lessee might set up a title under any number of different lessors, from whom he actually claimed the estate, however adverse their claims might be. But in the case of a fictitious lease, as that is a proceeding by leave, under the sanction of the court, demises from many persons, claiming differently, would not be permitted, because it would make the case too complicated for fair and easy investigation. But (326) in a real lease, where the party actually sets up title from many different persons, however complicated and various their titles may be, I do not perceive how the court could interfere and confine him to any one or more of those titles; he must be permitted, if he can, to show it from any source.
I therefore think that the judge erred in saying that there should be judgment for the defendant, and that all the lessors of the plaintiff were barred of an entry unless all were within some of the savings of the statute.
PER CURIAM. Judgment affirmed.
Approved: Caldwell v. Black, 27 N.C. 463; Holland v. Crow, 34 N.C. 275;Williams v. Lanier, 44 N.C. 30; Johnson v. Prairie, 91 N.C. 159;Cameron v. Hicks, 141 N.C. 35. *Page 209